UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DRT GROUP, LLC

                                 Plaintiff,

- against -

IMAGE COMICS, INC. and HOURGLASS LLC,

                                 Defendants
------------------------------------------------------------------X

**VERIFIED AMENDED COMPLAINT**

Civil Action No.: 18-10416 (UA)

     Plaintiff, DRT Group, LLC (hereinafter "DRT"), brings this complaint against Defendants IMAGE COMICS, Inc. (hereinafter "IMAGE COMICS") and HOURGLASS LLC, (hereinafter "FORBIDDEN PLANET"), alleging upon information and belief as follows:

## **NATURE OF THE CASE**

     This case involves comic books, both named DEAD RABBIT. DRT's DEAD RABBIT comic books were both used in commerce first and DRT is the holder of Registered Trademark for, *inter alia*, DEAD RABBIT comic books.  The Plaintiff's DEAD RABBIT is styled after its world-famous bar right here on Pearl Street in New York City https://www.deadrabbitnyc.com/about/.  On October 22, 2018, Plaintiff requested that Defendants stop all marketing and sales of their infringing DEAD RABBIT comic books which Released on or about October 3, 2018.  Defendants refused. On November 2, 2018, Plaintiff requested that they hold off on releasing their Second Release which they advertised would take place on November 7, 2018 edition.  Defendants refused. Yesterday, November 7, the Second Release was made available, sold and today remains available for sale including at the FORBIDDEN PLANET store on Broadway.

1

## PARTIES

1. Plaintiff, DRT, is a Limited Liability Company duly organized and existing under the laws of the State of New York, with its principal place of business located in 93 Pearl Street, 3rd Fl., New York, New York 10004.

2. Defendant IMAGE COMICS is a corporation duly organized and existing under the laws of the State of California and with its principal place of business located at 2701 NW Vaughn Street, Suite 780, Portland, Oregon 97210.

3. HOURGLASS LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in the City and State of New York, County of New York.

4. FORBIDDEN PLANET is a retail business with mega-store located at 832 Broadway, City and State of New York, County of New York, 10003.

5. Individuals named John McCrea and Gerry Duggan are writers that provide content to IMAGE COMICS. IMAGE COMICS is in privity with McCrea and Duggan.

6. IMAGE COMICS publishes, markets and distributes comic books to the public and to retailers such as FORBIDDEN PLANET.

## JURISDICTION AND VENUE

7. There is jurisdiction over this trademark action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1116(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is Plaintiff's principal place of business and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Finally, the damage to Plaintiff and its intellectual property described

herein occurred and continues to occur in this judicial district.

9. FORBIDDEN PLANET is present in the State.

10. Defendants transact business within the State.

11. IMAGE COMICS contracts to provide comic books to retailers in the State, including FORBIDDEN PLANET.

12. IMAGE COMICS engages in a persistent course of conduct with New York residents.

13. The contracts that IMAGE COMICS entered into with New York retailers to sell comic books were volitional and included the infringing DEAD RABBIT comic books.

14. IMAGE COMICS contracted with FORBIDDEN PLANET and other Retailers in the State to supply infringing DEAD RABBIT comic books in the State.

15. IMAGE COMICS committed a tortious act outside the state causing injury inside the State.

16. Defendants derived and derive substantial revenue from New York residents and entities.

17. At all times material hereto, IMAGE COMICS derived substantial revenue from interstate commerce.

18. Defendants regularly have solicited and solicit business from New York residents.

19. Defendants promote themselves via online presence and social media.

20. Defendants displayed and promoted comic books including the infringing DEAD RABBIT comic books at New York's Comic Con at the Javits Center in Manhattan on October 4th through October 7th of 2018.

21. Defendants were and are constructively and actually aware of the "DEAD RABBIT" trademark and nevertheless elected to violate trademark law.

22. Defendants are engaged in interstate commerce.

23. Defendants derived and derive substantial revenue from interstate commerce.

24. IMAGE COMICS delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in New York.

25. The sale, promotion and availability of infringing DEAD RABBIT comic books causes injury to New York residents by misleading them as to source.

26. Defendants advertise to customers in the state of New York.

27. Plaintiff is suffering its injury in loss of business and reputation at its principal place of business in New York City.

28. Prior to causing the Plaintiff injury, Defendants had Notice that the Plaintiff was located in New York City, as its Trademark Registration defines Plaintiff's place of business as 93 Pearl Street, New York, New York 10004.

29. After obtaining actual notice that the Plaintiff was located in New York City, via the October 22, 2018 Cease and Desist Letters which attached the DEAD RABBIT Trademark Registration, Defendants continued to cause harm to the Plaintiff and New York residents.

30. At all times relevant hereto, Defendants expected or should have reasonably expected their actions to have consequences in New York.

31. Defendants expected or should reasonably have expected that they would be hauled into Court in New York City.

32. Defendants had reason to believe that they would be hailed into a New York City court for their continuing unabated tortious activity causing harm to New York City residents including the Trademark Owner, DRT.

**FACTS**

33. DRT began using the mark DEAD RABBIT in commerce with respect to comic books at least as early as October 31, 2015.

34. On February 23, 2018, Plaintiff duly filed an application in the United States Patent and Trademark Office ("USPTO") for the mark "DEAD RABBIT" to identify inter alia, comic books.

35. On, September 4, 2018, the USPTO awarded a Registration to Plaintiff for the mark "DEAD RABBIT" to identify "Comic books; Fiction books on a variety of topics; Non-fiction books on a variety of topics; Recipe books." - U.S. Reg. No. 4521598 (hereinafter "DEAD RABBIT Trademark Registration"). See **Exhibit A**.

36. On or about October 3, 2018, Defendants Released their first infringing comic book under the name DEAD RABBIT without permission from the Trademark Holder. See **Exhibit B**.

37. The Release date of the infringing DEAD RABBIT comic book series' first issue on October 3rd, 2018 predated by only one day IMAGE COMICS' conspicuous presence at New York Comic Con on October 4th through October 7th of 2018 at the Javits Center in Manhattan. See **Exhibit C**.

38. On October 22, 2018, Plaintiff sent a Cease and Desist Letter to Defendant IMAGE COMICS, demanding that it stop publishing, marketing and distributing comic books using the trademark "DEAD RABBIT". (hereinafter "IMAGE

COMICS C&D" attached as **Exhibit D**).

39. On October 22, 2018, Plaintiff sent a Cease and Desist Letter to Defendant FORBIDDEN PLANET, demanding that it stop marketing and distribution of IMAGE COMICS' infringing DEAD RABBIT comic books (hereinafter "FORBIDDEN PLANET C&D" attached as **Exhibit E**).

40. On October 29, counsel for IMAGE COMICS acknowledged receipt of the October 22, 2018 C&D letter.

41. In response to Defendant's request for more time, on November 2, 2018, Plaintiff asked whether Defendant was "at least willing to postpone entry into the market of its next Release while it considers the matter further".

42. Counsel for Defendant responded arguing *inter alia* that the infringing comic books were first used in interstate commerce on June 19, 2018 and that therefore Defendant was somehow not liable for trademark infringement.

43. IMAGE COMICS has advertised that they plan to Release additional issues of unauthorized DEAD RABBIT comic books on December 5, 2018 and January 2, 2019 respectively.

## COUNT I - TRADEMARK INFRINGMENT - Lanham Act Section 32

43. The pertinent portions of Section 32 of the Lanham Act state:

(1) Any person who shall, without the consent of the registrant--
(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 USCA § 1114.

44. Defendants acts violate Section 32 of the Lanham Act.

45. Defendants began using the mark "DEAD RABBIT" in commerce on or about October 3, 2018.

46. At the time that Defendants began selling and distributing the infringing DEAD RABBIT comic book, Defendants has constructive notice of the Plaintiff's "DEAD RABBIT" Trademark Registration.

47. Defendants began using the mark "DEAD RABBIT" in commerce on or about October 3, 2018 for the same or similar products as the Plaintiff had been and still offers to the purchasing public.

48. Defendant IMAGE COMICS is one of the largest comics publishers in the United States.

49. At all times relevant hereto, IMAGE COMICS has sold, marketed, displayed, promoted and distributed infringing DEAD RABBIT comic books.

50. Defendant FORBIDDEN PLANET is a large-scale retail distributor of comic books with a mega-store in New York City located at 832 Broadway in the County

of New York.

51. IMAGE COMICS has sold, distributed and marketed infringing DEAD RABBIT comic books to FORBIDDEN PLANT.

52. At all times relevant hereto, FORBIDDEN PLANT has sold, marketed, displayed, promoted and distributed infringing DEAD RABBIT comic books.

53. FORBIDDEN PLANET and IMAGE COMICS are co-infringers.

54. Since on or about October 22, 2018, Defendant IMAGE COMICS has had actual notice of Plaintiff's mark "DEAD RABBIT" and Defendants' infringement.

55. Since on or about October 22, 2018, Defendant FORBIDDEN PLANET has had actual notice of Plaintiff's mark "DEAD RABBIT" and Defendants' infringement.

56. Following their actual notice of DRT's ownership of the DEAD RABBIT Trademark, Defendants elected to proceed with infringing behavior by continuing to publish, sell, distribute, display, market and promote prior and future issues of the infringing DEAD RABBIT comic books.

57. At all times material hereto, Defendant IMAGE COMICS' infringement also occurred by sales, marketing, promotion, display through its website, imagecomics.com and through its booth at the New York City Comic Con in the Javits Center in October of 2018.

58. At all times material hereto, Defendant FORBIDDEN PLANET's infringement occurred by, *inter alia*, its complicit sale of IMAGE COMICS' infringing DEAD RABBIT comic book at its principle place of business at its New York City mega-store and on the internet through its website, fpnyc.com.

59. The public is likely to be confused as the Defendants' comic books are labeled with the same two-word mark DEAD RABBIT as is contained in the DEAD RABBIT Trademark Registration.

60. The Plaintiff's mark and the Defendants' mark are the same.

61. The Plaintiff's DEAD RABBIT mark used to identify its DEAD RABBIT comic books is the identical to the mark used by Defendants to identify their DEAD RABBIT comic books.

62. The Plaintiff's DEAD RABBIT mark used to identify its DEAD RABBIT comic books is similar to the mark used by Defendants to identify their DEAD RABBIT comic books.

63. The two-word mark DEAD RABBIT is arbitrary as relates to comic books

64. DRT's DEAD RABBIT trademark is a strong mark.

65. The products that DRT and the Defendants identify with the words DEAD RABBIT are in the same class of goods, Class 16.

66. The products that DRT and the Defendants identify with the words DEAD RABBIT are both comic books.

67. The products that DRT and the Defendants identify with the words DEAD RABBIT are proximate.

68. An example of one of DRT's original DEAD RABBIT comic books is annexed as **Exhibit F**.

69. The relevant purchasing public is sophisticated in the sense that they typically follow a storyline and/or character in a comic books series and therefore their inability to know whether a comic book series is part of DRT's DEAD RABBIT comic

book series is catastrophic to the brand.

70. Out of all of the marks available for their product, Defendants choose the same mark as the Plaintiff.

71. Defendants' conduct is in bad faith.

72. There is actual confusion among purchasers of DRT's genuine DEAD RABBIT comic books and Defendants' infringing comic books.

73. Defendants either willfully closed their eyes to DRT's DEAD RABBIT trademark when they began and continued using it, or they actually knew about DRT's DEAD RABBIT Trademark and decided that they would willfully infringe.

74. Defendants decided that it would be profitable to them if they declined to comply with the Federal Lanham Act and acted as if they could escape liability for willful infringement.

75. Defendants willfully, knowingly and intentionally infringed upon the DEAD RABBIT Trademark and continued to do so after they had actual notice of the in Trademark and the Infringement.

76. Plaintiff is being irreparably harmed by the Defendants' infringement as Plaintiff's ability to control its reputation and to sell a genuine DEAD RABBIT comic book series that the public can recognize as its DEAD RABBIT comic book series is being diluted, destroyed, extinguished and injured.

## **COUNT II TRADEMARK INFRINGMENT - Lanham Act Section 43(a)**

77. Plaintiff repeats and reiterates Paragraphs 1 through 76 above as though fully set forth at length herein.

78. Defendants' acts have caused and will continue to cause irreparable harm

and injury to Plaintiff through their false designation of origin of the "DEAD RABBIT" trademark.

79. Section 43 (a) of the Lanham Act, § 15 U.S.C. 1125(a) sets forth in pertinent part that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

80. Defendants' acts constitute violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81. Together, Defendants' distribution and sale of the infringing DEAD RABBIT comic books constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of the mark "DEAD RABBIT" with Plaintiff, or as to the origin, sponsorship, or affiliation of Plaintiff's "DEAD RABBIT" mark.

82. As a result of Defendants' conduct, the public will come to believe that the Defendants' infringing comic books in some way originate from Plaintiff and/or that

DRT's original DEAD RABBIT comic books originate from Defendant.

83. The characters and story contained in Defendants' infringing DEAD RABBIT comic books is different than the characters and story line contained in the existing DRT DEAD RABBIT comic book series.

84. Plaintiff has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' infringement of Plaintiff's "DEAD RABBIT" mark, and will continue to do so unless enjoined by this Court.

85. Defendants have intentionally engaged in acts of unfair competition, false designation of origin, and false description or representation in violation of § 43(a) of the Lanham act, 15 U.S.C. § 1125(a).

86. Defendants have intentionally engaged in acts of false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of the "DEAD RABBIT" mark with Plaintiff, or as to the origin, sponsorship, or affiliation of Plaintiff's "DEAD RABBIT" mark with Defendants.

87. Defendants have engaged in infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the Plaintiff's "DEAD RABBIT" products.

**WHEREFORE**, Plaintiff respectfully requests:

A. That this Court adjudge that Defendants IMAGE COMICS and FORBIDDEN PLANET have infringed upon Plaintiff's "DEAD RABBIT" trademark, in violation of Plaintiff's rights under the Lanham Act Sections 32 and 43 (a), 15 U.S.C. §§ 1117, 1125(a).

B.        That Plaintiff recover Defendants' revenue on sales of the infringing DEAD RABBIT comic books less any allowable deductions proven by Defendants pursuant to 15 U.S.C. §§1117(a) and 1125(a) along with costs and fees, and that the damages be trebled pursuant to 15 U.S.C. §1117(b)(1).

C.        That Defendants IMAGE COMICS and FORBIDDEN PLANET, and additionally all owners, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their writers, designers, distributors and retailers, be preliminarily and permanently enjoined and restrained from:

>   (1) reproducing, copying, displaying, the trademark "DEAD RABBIT" or any mark similar to or substantially indistinguishable therefrom; and
>
>   (2) advertising, promoting, importing, shipping, selling, marketing, offering for sale or otherwise distributing goods in connection with the trademark "DEAD RABBIT" or any mark similar to or substantially indistinguishable therefrom; and
>
>   (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "DEAD RABBIT" name; or
>
>   (4) from in any other way infringing the DEAD RABBIT trademark; or
>
>   (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4)

hereof.

D.    That Defendants IMAGE COMICS and FORBIDDEN PLANET be directed to file with this Court and to serve upon Plaintiff within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with this complaint's Paragraph C, pursuant to 15 U.S.C. §1116.

F.    That Plaintiff recover $2,000,000 in Statutory Damages against each Defendant in accordance with 15 U.S.C. §1117 (c)(2).

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues.

Dated: New York, New York
        November 8, 2018

                            Respectfully submitted,

                        **THE BOSTANY LAW FIRM, PLLC**

                            s/ John P. Bostany
                            By:    John P. Bostany
                            Attorneys for Plaintiff
                            3 World Financial Center, 24th Floor
                            New York, New York 10281
                            (212) 530-4400